FILED
GREAT FALLS M/A

2009 APR 10  AM 9 17

PATRICK E. DUFFY, CLERK
BY _____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MARY JO MANSFIELD, | ) |
| | ) |
| Plaintiff, | )  CV-07-112-SEH-RKS |
| | ) |
| vs. | )  **FINDINGS AND** |
| | )  **RECOMMENDATIONS OF** |
| MICHAEL J. ASTRUE, | )  **MAGISTRATE JUDGE** |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Mary Jo Mansfield ("Ms. Mansfield") instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social

Security ("Commissioner"), denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). On February 19, 2008, this case was referred to the undersigned to issue Findings and Recommendations by order of the Hon. Sam E. Haddon. (C.D. 11.) Now pending are the parties' cross motions for summary judgment. (C.D. 17 & 20.) The motions are considered fully briefed and submitted.

## I. PROCEDURAL BACKGROUND

Ms. Mansfield was awarded DIB from August 1993 through March 1995. Tr. at 256. On January 10, 1996, she filed for DIB a second time. Id. Her application was denied, after a hearing, on November 4, 1997. Id. The Appeals Council denied review on September 24, 1999. Id. However, while waiting for Appeals Council review of her second application, Ms. Mansfield filed her third application for DIB on July 31, 1998. Id. This claim was denied November 2, 1998, and not pursued further. Id.

Ms. Mansfield filed her fourth application for DIB, the application at issue presently, on November 21, 2002, alleging a disability onset date of August 3, 1993. Id. Her application was denied after a hearing on February 4, 2004. Id. Ms. Mansfield appealed, and the Appeals Council denied her appeal on July 9, 2004. Id. On appeal to United States District Court, the case was remanded for further proceedings by an order dated March 30, 2005. Id. A second hearing was held on November 28, 2005. Id. In a decision dated December 7, 2005, the Administrative Law Judge (ALJ) found Ms. Mansfield was not entitled to benefits. Id. at 253-263. On September 25, 2007, the Appeals Council declined jurisdiction, id. at 6-9, making the ALJ's December 7, 2005 findings the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481. It is from the December 5, 2007 decision that Ms. Mansfield appeals. (C.D. 18 at 2.)

For the purposes of this case, Ms. Mansfield must provide evidence that she was disabled between

November 2, 1998, the date of her last disability determination, through March 31, 2000, the date she was last insured for disability purposes. Tr. at 257. Both parties agree that this is the relevant period. (C.D. 18 at 4; C.D. 21 at 1-2.)

## II.     STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a

whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.     BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in

the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that she has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five

the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). Jones, 760 F.2d at 995.

## IV. DISCUSSION

The ALJ determined at step four of the evaluation process that Ms. Mansfield could perform her previous work as a bookkeeper, and was therefore not disabled. Tr. at 256-263.

Ms. Mansfield appears to argue that the ALJ 1) erred in finding her not credible, Pltf.'s br. at 10; 2) failed to consider her ability to work full time; id. 3) failed to contact her treating physicians, id. at 9, 12; and 4) contradicted a 1997 ruling in her case, id. at 12.

The Commissioner argues 1) Ms. Mansfield is required to show changed circumstances, which she has

not done[1], Def.'s br. at 3-6; 2) substantial evidence supports the ALJ's determination, id. at 6-10.

### A. The ALJ did not err when he found Ms. Mansfield not credible.

The ALJ found Ms. Mansfield not credible because her subjective complaints were not supported by the medical record. Tr. at 260.

To assess a claimant's credibility, the ALJ may consider ordinary credibility evaluation techniques, unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ must also consider the

---

[1] The Court decides this case on the merits of Ms. Mansfield's allegations of error. This issue is not addressed in these Findings and Recommendations.

factors set forth in SSR 88-13 including:

    A.   The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    B.   Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    C.   Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    D.   Treatment, other than medication, for relief of pain;

    E.   Functional restrictions; and

    F.   The Claimant's daily activities.

Id. at 727; 20 C.F.R. § 416.929(c).

If, after engaging in this analysis, the ALJ rejects a claimant's subjective testimony of the severity of symptoms, he must cite specific, clear and convincing reasons for doing so. Smolen, 80 F.3d at 1283-84 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ followed this procedure. The ALJ cites specific reasons for not crediting her testimony, including her doctors' findings, her statements about her pain and medication use, and her daily activities. Tr. at 260-261. All are proper

factors for consideration, as noted above. Accordingly, the ALJ did not err in concluding Ms. Mansfield was not credible.

### B. The ALJ did consider Ms. Mansfield's ability to work full time.

Ms. Mansfield next seems to argue that the ALJ erred by finding she could work 8 hours a day, 5 days a week. Pltf.'s br. at 10. However, when the ALJ determined Ms. Mansfield's RFC, her ability to work 8 hours a day, 5 days a week was automatically accounted for. "RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis; i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-9p, pg. 2. Therefore, the ALJ did not err in his determination.

### C. The ALJ was not required to contact Ms. Mansfield's physicians.

Next, Ms. Mansfield argues the ALJ should have contacted her treating physicians "to ascertain whether there was additional information that would have supported a determination that claimant [Ms.

Mansfield] might be disabled under agency rules and regulations." Pltf.'s br. at 9. Ms. Mansfield is correct that, when a physician opines about an issue reserved to the Commissioner (such as disability), the ALJ should make "every reasonable effort" to contact the physician, but only if the basis for the opinion is not clear. SSR 96-5p, pg. 6.

Here, there is no indication that the ALJ could not ascertain the basis for the physician's reports, nor is there any indication the reports were inadequate to determine disability. Thus, there was no duty to contact Ms. Mansfield's physicians. Id.; Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Ms. Mansfield seems to be asking the ALJ to seek out additional medical records to support her claim. However, the burden of proof is on the claimant to prove disability. Schneider, 223 F.3d 968, 974; Smolen, 80 F.3d 1273, 1289. The ALJ did not err by not contacting Ms. Mansfield's physicians.

## D. The ALJ's determination did not erroneously contradict prior findings.

Finally, Ms. Mansfield argues the ALJ's opinion contradicts a 1997 ruling finding she could not perform her previous work as a bookkeeper. Pltf.'s br. at 12. Ms. Mansfield argues that where a determination was made she could no longer perform her past work, a rebuttable presumption should arise that she cannot in the future. Id. at 12-13.

This argument fails. First, although it is true that once the Commissioner makes a finding of disability, a rebuttable presumption arises that a claimant remains disabled, Bellamy v. Secretary of Health & Human Services, 755 F.2d 1380, 1381 (9th Cir. 1995), Ms. Mansfield cites no authority for the proposition that a similar presumption applies regarding the ability to do past work. Second, the most recent prior finding of the Commissioner was that Ms. Mansfield was not disabled because "there [was] no evidence of a disabling condition," tr. at 51., not because she could perform her past work. Thus, the

desired presumption would not apply were the Court to adopt such a presumption. Further, the ALJ's finding that Ms. Mansfield could work as a bookkeeper is supported by substantial evidence. Id. at 260-261. Accordingly, the ALJ's decision was not in error.

**V.   CONCLUSION**

The ALJ's determination is supported by substantial evidence and is free of legal error.

Therefore, **IT IS RECOMMENDED** that:

1.   Plaintiff's Motion for Summary Judgment (C.D. 17) should be **DENIED**;

2.   the Commissioner's Motion for Summary Judgment (C.D. 20) should be **GRANTED**.

**VI.  NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de

novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 10th day of April, 2009.

_____
Keith Strong
United States Magistrate Judge